UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DEREK A. LEWIS
FREDERICK W. SMITH

CRIMINAL ACTION

NO. 10-132-BAJ-DLD

**RULING ON MOTION FOR SEVERANCE**

**I.     BACKGROUND**

Before the Court is a "Motion for Severance of Trials or, in the Alternative, Severance of Counts Resulting from Improper Joinder Because of Prejudicial Spillover Effect" (doc. 37) filed by Frederick W. Smith ("Smith"), co-defendant in the above-captioned matter. On September 1, 2010, a joint indictment was filed against Smith and Derek A. Lewis ("Lewis"). During the time of the activities alleged in the indictment, Smith served as the police chief of the City of Port Allen, Louisiana, and Lewis served as the city's mayor. The indictment, containing twenty-two separate counts, charges Smith and Lewis with a violation of the Rackeeter Influenced Corrupt Organizations Act ("RICO") in violation of 18 U.S.C. §1962(c), through several acts of rackeetering activity (Count 1), as well as various counts of mail fraud in violation of 18 U.S.C. § 1341 and 1346 (Counts 2 through 6 and 10), wire fraud in violation of 18 U.S.C. § 1343 (Counts 7, 8 and 9), and use of an interstate facility in aid of racketeering in violation of 18 U.S.C. § 1952 (Counts 11

through 22). Smith is charged in eleven of the indictment's twenty-two counts.[1] Smith and Lewis are charged in the same count in three instances.[2]

Smith has filed the instant motion seeking a severance of trials between himself and co-defendant Derek Lewis. In the alternative, Smith seeks severance of the counts of the indictment. The United States has filed an opposition (doc. 41) to Smith's motion.

## II. LAW AND ANALYSIS

### A. Propriety of Joinder Under Federal Rules of Criminal Procedure 8 (a) and (b)

Smith's motion for severance suggests that the indictment contains improper joinder of both defendants and offenses, pursuant to Federal Rule of Criminal Procedure 8. In relation to joinder of defendants, the Rule provides:

> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Essentially, Smith contends that his joinder in the indictment with co-defendant Lewis is improper because the indictment does not allege that Smith

---

[1] Smith is charged in Counts 1, 7, 8, 9, 10, 17, 18, 19, 20, 21 and 22 of the indictment. (doc. 1)

[2] Smith and Lewis are both charged in Counts 1, 7 and 8 of the indictment. (doc. 1)

2

participated in any conduct related to the Cifer 5000 product.[3] Smith argues that because he was not a participant in the portion of the investigation which utilized the Cifer 5000 conceptual product, while Lewis is alleged to have participated in conduct related to the Cifer 5000, the joinder of these defendants in the same indictment is improper. In opposition to Smith's contention, the Government asserts that "the plain wording of Rule 8(b) does not require that the co-defendants share the same goal" and further that Smith "appears to misstate the actual goal of Lewis as furthering the interest of Cifer 5000."[4] The Government maintains that the actual and joint goal of the co-defendants "is properly stated in the Indictment as 'the defendants improperly used the enterprise to enrich themselves through bribery.'"[5]

The United States Supreme Court has recognized that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. U.S.*, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d. 317 (1993). The rationale underlying this preference is that joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*, quoting *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987). Accordingly, "Rule 8 is to be broadly

---

[3] Cifer 5000 is a conceptual product created for the purposes of the investigation and marketed as an automated waste container cleaning system. The Cifer 5000's potential customer pool consisted primarily of governmental entities, such as municipalities. (doc. 1)

[4] United States' Response in Opposition to Defendant's Motion for Severance of Trials, page 3.

[5] *Id.*, quoting Indictment, page 3, paragraph 9.

construed in favor of initial joinder." *U.S. v. Park*, 531 F.2d 754, 761 (5th Cir. 1976).

The language of Rule 8(b) makes it clear that the proper joinder of more than one defendant in a single indictment does not require that each defendant be charged in each count of the indictment. As the Fifth Circuit has explained, "Rule 8(b) does not require, however, that each defendant have participated in the same act or acts. All that is required is a 'series of acts unified by some substantial identity of facts or participants.'" *U.S. v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996), quoting *United States v. Dennis*, 645 F.2d 517, 520, (5th Cir. 1981), *abrogated in part by U.S. v. Lane*, 474 U.S. 438 (1986).

"The propriety of joinder under Rule 8 is determined on the basis of the allegations in the indictment, which are accepted as true barring allegations of prosecutorial misconduct." *U.S. v. Faulker*, 17 F.3d. 745, 758 (5th Cir. 1994). In the present case, having examined the indictment filed against defendants Smith and Lewis, and accepting the allegations contained therein as true for the purposes of the motion to sever, the Court finds that the co-defendants are properly joined pursuant to Rule 8(b). While the indictment does not allege that Smith participated in conduct related to the Cifer 5000 product, there are allegations contained in the indictment which reveal a series of acts unified by substantial identity of facts and participants. The defendants both served as elected officials of the City of Port Allen at the time of activities alleged in the indictment, and the "enterprise" upon

4

which the RICO count is based is named as the City of Port Allen.[6] Specifically, Count 1 of the indictment alleges that the defendants "improperly used the enterprise to enrich themselves through bribery."[7] As to the specific acts of racketeering supporting Count 1, Racketeering Act Five of the indictment alleges that on or about January 14, 2010, the co-defendants acted in concert and agreed to accept "cash, dinner, and hotel stays totaling at least $1,200" in exchange for Smith providing confidential law enforcement to government agents posing as "Businesspeople."[8] The Businesspeople from whom Smith and Lewis are alleged to have accepted these items are the same as those with whom Lewis is alleged to have been involved regarding the Cifer 5000.[9]

Counts 7 through 10 of the indictment allege the existence of a scheme involving both defendants, beginning with Lewis allegedly informing Businessperson B that Lewis "could cause Smith to obtain criminal and driving histories concerning various individuals."[10] It is alleged that after initially providing the Businesspeople with confidential law enforcement information on or about January 14, 2010, with the direct involvement of Lewis, Smith continued to do so until at least on or about

---

[6] Indictment, page 3, paragraph 8.

[7] Indictment, page 3, paragraph 9.

[8] Indictment, page 7, paragraph 18.

[9] See, Indictment, page 1, paragraph 4.

[10] Indictment, page 20, paragraph 34, subparagraph a.

April 29, 2010. In addition to providing the confidential law enforcement information to the Businesspeople, Smith is also alleged to have provided Businessperson B with official Port Allen Police Department badges and a commission card in exchange for compensation.[11]

In his motion to sever, arguing a disparity between the dates on which the defendants became involved in the activities alleged in the indictment, Smith states that "the first allegation against mover sets a date...much later than the alleged criminal acts of co-defendant [Lewis]."[12] However, the Fifth Circuit "has also recognized that the transaction requirement of Rule 8 is flexible, holding that such a transaction 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *U.S. v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005), quoting *U.S. v. Park*, *supra*, at 761. Although the Cifer 5000 may represent a means by which defendant Lewis used or attempted the use the enterprise to enrich himself without the participation of Smith, the Court finds that the indictment contains allegations that the defendants participated together in a series of acts or transactions constituting multiple offenses, specifically those alleged in Counts 1, 7 and 8. Viewed collectively, the charges contained in the indictment allege that Smith and Lewis, at times acting jointly and at other times acting separately, used their official

---

[11] Indictment, page 29, subparagraph w; page 31, subparagraph bb.

[12] Smith's Motion for Severance of Trials, page 2, paragraph IV.

positions with the City of Port Allen to accomplish the mutual objective of obtaining unlawful enrichment from the Businesspeople.

Smith does not specifically refer to Rule 8(a) in his motion to sever. However, to the extent that an argument is made that the indictment contains an improper joinder of offenses, the Court finds that this contention is also without merit. Federal Rule of Criminal Procedure 8(a) provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Under Rule 8(a) offenses may be charged in the same indictment if they "(1) are of the same or similar character, *or* (2) are based on the same act or transaction, *or* (3) are connected together or constitute parts of a common scheme or plan." *U.S. v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993). Having reviewed the counts of the indictment alleged against Smith, the Court finds that the counts are of the same or similar character, in that they each pertain to Smith's alleged use of his position as chief of police of the City of Port Allen to gain unlawful enrichment through fraud or bribery. Accordingly, the Court finds that the offenses are properly joined pursuant to Federal Rule of Criminal Procedure 8(a).

**B.    Propriety of Joinder Under Federal Rule of Criminal Procedure 14**

Having determined that the indictment properly joins Lewis and Smith as

defendants, as well as the offenses contained therein, the Court now addresses Smith's argument relative to Federal Rule of Criminal Procedure 14. Rule 14(a) provides:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As to Rule 14, Smith essentially re-urges the argument made in connection with Rule 8. Smith asserts that because he was not involved in the charges related to Cifer 5000, "the spill-over effect of the Cifer 5000 accusations against co-defendant Lewis necessarily become highly prejudicial in the issue of guilt or innocence of mover in the counts of asserted criminal activities charged against him."[13] In opposition, the Government submits that Smith's generalized complaint of a spillover effect alone does not warrant a severance, and further, that any potential prejudice can be cured with appropriate jury instructions.

The Court finds merit in the Government's contentions on this issue and holds that Rule 14 does not warrant severance in this case. "From the face of the rule it is clear that the decision of whether to grant severance is properly within the sound discretion of the trial court." *U.S. v. Salomon*, 609 F.2d 1172, 1175 (5th Cir. 1980). "Severance should only be granted when the defendant can demonstrate

---

[13] Smith's Motion for Severance of Trials, page 3.

compelling prejudice which the trial court could not alleviate." *U.S. v. Grapp*, 653 F.2d 189, 192 (5th Cir. 1981). Moreover, as Smith admits in his motion, the Fifth Circuit has held that "the mere presence of a spillover effect does not ordinarily warrant severance." *U.S. v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993).

The United States Supreme Court has recognized that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." *Zafiro v. U.S., supra*, 505 U.S. at 539, 113 S.Ct. at 938. Smith argues that a heightened risk of prejudice in the present case necessitates severance. However, even where a heightened risk of prejudice has been demonstrated, severance is not the exclusive solution. "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro, supra*. The Court finds that in the present case there are precautionary measures which can be instituted, such as limiting instructions to the jury, that will reduce the risk of prejudice to defendant Smith while preserving the efficiency and interests of justice afforded by a joint trial.

### III. CONCLUSION

Accordingly, for the reasons stated herein, the Motion for Severance of Trials or, in the Alternative, Severance of Counts (doc. 37), filed by defendant Frederick W. Smith is hereby **DENIED**.

Baton Rouge, Louisiana, April 25, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA